**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO. 1:21-cv-10064-JLK

SPOTTSWOOD COMPANIES, INC.,
a Florida corporation,

Plaintiff,

v.

MARSH USA, INC., a Delaware corporation, and MARSH & McLENNAN AGENCY LLC, a Delaware limited liability company,

Defendants.
_________________________________/

**ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF NEW YORK**

THIS MATTER is before the Court on Defendants' Motion to Transfer (DE 9), filed July 13, 2021. The Court has also considered Plaintiff's Response (DE 16), filed August 12, 2021, Defendants' Reply (DE 19), filed August 26, 2021, and is otherwise fully advised.

## I. BACKGROUND

On March 26, 2021, Plaintiff filed its Complaint in the Circuit Court for the Sixteenth Judicial Circuit in and for Monroe County, Florida. *See* Compl., DE 1-1. On July 6, 2021, Defendants removed the action to this Court based on diversity jurisdiction. *See* Not. of Removal, DE 1. Defendant filed its Motion to Transfer to the Southern District of New York based on a forum selection clause. *See* Mot. Plaintiff alleges negligence and breach of fiduciary duty because Defendants, in their roles as insurance brokerage and risk management firms employed by Plaintiff, failed to obtain for Plaintiff the necessary insurance coverage in light of the COVID-19 pandemic. *Id.*

## II. LEGAL STANDARD

Litigants may enforce forum selection clauses through 28 U.S.C. § 1404(a). *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). By agreeing to a forum-selection clause, the plaintiff effectively waives any argument that the preselected forum is inconvenient. *Id.* at 64.

Under *Atlantic Marine*, a court must determine (1) whether the forum selection clause is valid; and (2) whether extraordinary circumstances exist that warrant denial of transfer to the agreed upon venue. This analysis requires courts to give forum-selection clauses controlling weight "in all but the most exceptional cases." *Id.* at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "[A]n enforceable forum-selection clause carries near-determinative weight in this analysis." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014). Further, to determine whether the forum-selection clause applies to the type of claims asserted in the lawsuit, courts "look to the language of the parties' contract to determine which causes of action are governed by the forum selection clause. . . ." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998).

**III. DISCUSSION**

Defendants argue that this case is subject to an agreed upon valid forum selection clause. *See* Mot. Defendants specifically argue that the operative property insurance policy (effective from December 1, 2018 to December 1, 2019) between Plaintiff and insurance company brokered by Defendants "contains a mandatory forum selection clause in which the parties agreed that any litigation related to any services provided by [Defendant] Marsh USA, or its affiliates, to [Plaintiff] must be brought in . . . the Southern District of New York." Mot. at 5. Additionally, Defendants argue that public interests favor transfer. Mot. at 10–12.

In its Response, Plaintiff does not contest the validity of the mandatory forum selection clause. Rather, Plaintiff argues that that the forum selection clause was not in effect during the time of the alleged negligence and breach of fiduciary duty. *See* Resp. Specifically stating that "the period of time with which the instant cause is concerned *commenced* on December 1, 2019. . . ."[1] Resp. at 3 (emphasis added). That is after the expiration of the selection clause Defendants rely on and no other selection clause was agreed upon for the following policy, which started December 1, 2019. Plaintiff argues that because there is no controlling forum selection clause, the Court should not transfer this case and venue is proper in the Southern District of Florida. *See* Resp.

The forum selection clause in question (in effect from December 1, 2018 to December 1, 2019) states:

> "Any litigation or other proceedings arising from or relating to this Agreement or any services provided by Marsh or its affiliates to you or your affiliates will be brought in the state or federal courts located in the State of New York, County of New York, United States of America, and the parties consent to the jurisdiction of such courts in connection therewith." DE 9 at 5.

It is well-settled law that a forum selection clause is usually given controlling weight except in exceptional cases. *Atl. Marine Constr. Co.*, 571 U.S. at 60. First and foremost, the plain language of the forum selection clause encompasses ". . . any services provided by [Defendant] Marsh or its affiliates to [Plaintiff] or [Plaintiff's] affiliates. . . ." DE 9 at 5. Defendants are "global insurance brokerage and risk management firms." Am. Compl. ¶ 6. Plaintiff's allegations

---

1 The allegation that Defendants' negligence and breach happened "subsequent to December 1, 2019" is found in Plaintiff's Amended Complaint (DE 15 ¶¶ 11, 12), which was filed after Defendants' Motion to Transfer (DE 9).

of "negligent failure to procure insurance coverage," "failing to properly assess [Plaintiff's] risks, [and] communicate those risks to insurers" is certainly part of "any services" provided by Defendants. Am. Compl. ¶¶ 50, 57, 60, 67. This type of forum selection clause encompasses "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." Reply at 3 (citing *Stewart Org, Inc*. 810 F.2d at 1070). As such, the type of alleged negligence where Defendant insurance broker failed to secure the insurance Plaintiff was seeking is unambiguously covered by this forum selection clause.

Additionally, the Court decides whether the alleged negligence and breach of fiduciary duty took place while the above-cited forum selection clause was in effect. Plaintiff states that "the period of time with which the instant cause is concerned commenced on December 1, 2019, subsequent to the expiration of the [forum selection clause] relied upon by Defendants." Resp. at 3. However, Plaintiff's Amended Complaint still includes allegations that occurred both before and after December 1, 2019. For example, Plaintiff alleges that Defendant Marsh "[failed] to properly assist [Plaintiff] to evaluate the insurance options *prior to* binding coverage" Am. Compl. ¶ 57(c) (emphasis added). This coverage was procured by Defendants for the policy period December 1, 2019 through December 1, 2020. *See* Am. Compl. ¶ 17. So, these allegations include Defendant's actions before December 1, 2019, and therefore during the period where the earlier policy—and the mandatory forum selection clause—were in effect. And also Plaintiff alleges that "[a]t no time *subsequent* to December 1, 2019 did Defendants [] advise the Plaintiff of available coverage for losses. . . ." Am. Compl. ¶ 29 (emphasis added). Therefore, transfer is appropriate.

The Court further clarifies that this is not the first time Defendants brokered an insurance

policy for Plaintiff. Since at least 2014, all agreements had the same mandatory forum selection clause of New York. *See* Mot. at 4–5. Plaintiff knew or should have known of the restriction to bring a lawsuit within the courts of New York County (including the Southern District of New York). Further, Plaintiff's overall allegations are intertwined with its longstanding business relationship with Defendants and conduct before December 1, 2019.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that:

1. Defendants' Motion to Transfer **(DE 9)** be, and the same hereby is, **GRANTED**;
2. The above-styled action is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York;
3. The Clerk of Court for the Southern District of Florida is hereby **DIRECTED** to **TRANSFER** the docket and record of the above-styled action to the Clerk of Court for the United States District Court for the Southern District of New York; and
4. The Clerk of Court for the Southern District of Florida shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 20th day of September, 2021.

James Lawrence King

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All counsel of record